UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ZHUO YUAN LIU, WAI CHONG LEUNG, and JIANG DI CHEN, | Case No. 17-cv-05894-LB |
| Petitioners, | **ORDER TO SHOW CAUSE** |
| v. | Re: ECF No. 1 |
| DAVID W. JENNINGS, et al., | |
| Respondents. | |

## INTRODUCTION

Zhuo Yuan Liu, Wai Chong Leung, and Jiang Di Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge their ongoing detention by the United States Immigration and Customs Enforcement ("ICE"). The petitioners consented to proceed before a magistrate judge.[1] This order requires the respondents to respond to the petition.

## STATEMENT

The petition provides the following information: Mr. Liu was born in China, was admitted into the United States in 1996, and is not a citizen of the United States.[2] On December 18, 1998, Mr.

---

[1] ECF No. 3. Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Petition – ECF No. 1 at 3–4 (¶¶ 13, 21–22).

Liu was convicted of robbery and sexual assault, in violation of California Penal Codes § 213 and § 264.1.[3] On or about March 21, 2017, Mr. Liu completed his prison sentence and was transferred to ICE custody at the Yerba County Jail in Marysville, California.[4] On or about March 28, 2017, Mr. Liu was ordered removed from the United States.[5] Mr. Lui received a "decision to continue detention" form from ICE on or about June 28, 2017 and a second such form on or about September 25, 2017.[6] Mr. Liu "has cooperated with all of ICE's efforts to obtain a travel document from the Chinese government," but "the Chinese Consulate has ignored his request for a travel document."[7]

Mr. Leung was born in China, was extradited to the United States in 1991 by Canadian immigration authorities, and is not a citizen of the United States.[8] In 1992, Mr. Leung was convicted of importation of heroin and conspiracy to import and distribute heroin.[9] On or about March 28, 2017, Mr. Leung completed his prison sentence and was transferred to ICE custody at the Mesa Verde Detention Center in Bakersfield, California.[10] On or about March 28, 2017, Mr. Leung was ordered removed from the United States.[11] Mr. Leung received a "decision to continue detention" form from ICE on or about June 26, 2017, and a second such form on or about September 26, 2017.[12] Mr. Leung "has cooperated with all of ICE's efforts to obtain a travel document from the Chinese government," but "the Chinese Consulate has ignored his request for a travel document."[13]

---

[3] *Id.* at 4 (¶ 23).

[4] *Id.* at 4 (¶ 24).

[5] *Id.*

[6] *Id.* at 4 (¶¶ 25, 27).

[7] *Id.* at 4 (¶¶ 28–29).

[8] *Id.* at 3–4 (¶¶ 14, 33)

[9] *Id.* at 4–5 (¶ 34).

[10] *Id.* at 5 (¶ 35).

[11] *Id.*

[12] *Id.* at 5 (¶¶ 36–37).

[13] *Id.* at 5 (¶¶ 38–39).

Mr. Chen was born in China, entered the United States in September 1991, and is not a citizen of the United States.[14] On May 16, 2001, Mr. Chen was ordered removed from the United States and his order of removal was finalized when the Board of Immigration Appeals dismissed his appeal on September 5, 2002.[15] In 2017, Mr. Chen was convicted of accessory after the fact.[16] On or about April 13, 2017, Mr. Chen completed his house arrest and was transferred to ICE custody at the Rio Cosumnes Correctional Center in Elk Grove, California.[17] Mr. Chen received a "decision to continue detention" form from ICE on or about July 13, 2017, and a second such form on or about October 13, 2017.[18] Mr. Chen "has cooperated with all of ICE's efforts to obtain a travel document from the Chinese government," but "the Chinese Consulate has ignored his request for a travel document."[19]

## ANALYSIS

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by noncitizens challenging the lawfulness of their detention. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Section 2241 proceedings are available for "statutory and constitutional post-removal-period detention" of non-citizens who have been admitted to the United States. *Id.* at 687–88, 693. Courts "shall forthwith award the grant or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, but it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Zadvydas*, 533 U.S. at 687–88, 697–98. Once removal is no

---

[14] *Id.* at 5 (¶¶ 15, 42–43)

[15] *Id.* at 5 (¶ 44).

[16] *Id.* at 5 (¶ 45).

[17] *Id.* at 5 (¶ 46).

[18] *Id.* at 5 (¶¶ 47–48).

[19] *Id.* at 6 (¶¶ 49–50).

longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699–700.

The petitioners contend that their continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The petition states a cognizable claim for habeas relief for all petitioners under 28 U.S.C. § 2241 based on the alleged indefinite detention by ICE.

The petitioners name four persons as respondents. There is generally only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The "longstanding practice" in habeas petitions challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the proper respondent. *Id.* Here, the respondent listed as David W. Jennings "Field Office Direct for the San Francisco Field Office of ICE" has the authority to order the petitioners' release and is the proper respondent. The court is not certain that the other respondents are custodians in the ordinary sense; sometimes courts in this district dismiss (as unnecessary) other respondents, and sometimes they do not. The issue is procedural, and at least one custodian is named. Under the circumstances, the court grants the motion for an order to show cause.

## CONCLUSION

The petitioners must serve this order to show cause on the respondents immediately. The respondents must file a return by **Tuesday, October 24, 2017**. The petitioners may file a reply by 2 p.m. on **Wednesday, October 25, 2017**. The court sets a hearing on the order to show cause on **Thursday, October 26, 2017, at 9:30 a.m.**

The parties may adjust these deadlines by stipulation.

**IT IS SO ORDERED.**

Dated: October 19, 2017

LAUREL BEELER
United States Magistrate Judge